CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 18 2019
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RAYONDA P., | ) |
| | ) |
| Plaintiff | ) Civil Action No. 7:18-CV-00190 |
| | ) |
| v. | ) |
| | ) |
| COMMISSIONER, SOCIAL SECURITY | ) By: Michael F. Urbanski |
| ADMINISTRATION, | ) Chief United States District Judge |
| | ) |
| Defendant | ) |

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation (R&R) on May 24, 2019, recommending that the plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted, and the Commissioner's final decision be affirmed. Plaintiff Rayonda P. ("Rayonda") has filed objections to the report and this matter is now ripe for the court's consideration.

### I. Standard of Review of Magistrate Judge Decision

The objection requirement set forth in Rule 72(b) of the Federal Rules of Civil Procedure[1] is designed to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007)

---

[1] "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b).

(citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622.

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id.

The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982))). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL

2

9044111, at *2 (E.D. Va. May 6, 2009), aff'd, 373 F. App'x 346 (4th Cir.); see Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only '*those portions* of the report or *specified* proposed findings or recommendations *to which objection is made.*'"). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012). See also Arn, 474 U.S. at 154 ("[T]he statute does not require the judge to review an issue de novo if no objections are filed. . . .").

Rehashing arguments raised before the magistrate judge does not comply with the requirement set forth in the Federal Rules of Civil Procedure to file specific objections. Indeed, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A plaintiff who reiterates her previously-raised arguments will not be given "the second bite at the apple she seeks;" instead, her re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

## II. Judicial Review of Social Security Determinations

It is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet his burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In so doing, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

## III. Plaintiff's Objections[2]

Rayonda raised three arguments before the magistrate judge on summary judgment: (1) that the ALJ's findings regarding her medically determinable impairments and residual functional capacity (RFC) were not supported by substantial evidence; (2) that the ALJ failed to properly assess her mental impairments; and (3) the ALJ failed to properly evaluate her

---

[2] Detailed facts about Rayonda's impairments and medical and procedural history can be found in the report and recommendation (ECF No. 23) and in the administrative transcript (ECF No. 8) and will not be repeated here.

4

subjective complaints of manipulative impairments, pain, anxiety, depression, and migraine headaches.

In her objections to the R&R, Rayonda asserts that the magistrate judge erred when he made the following findings: (1) the physical RFC assessment was supported by substantial evidence; (2) the mental RFC assessment was supported by substantial evidence; (3) the ALJ properly assessed her subjective allegations of impairment; and (4) the post-hearing evidence was properly excluded.

### A. Physical Residual Functional Capacity

The ALJ assessed Rayonda with the RFC to do light work with additional limitations of only frequently balancing; occasionally climbing ramps or stairs, stooping, kneeling, crouching, being around unprotected heights and moving mechanical parts; and never climbing ladders or scaffolds. R. 50. The magistrate judge found that the ALJ properly assessed Rayonda's physical RFC because the findings included a detailed summary of her medical records with specific citations to the record, an assessment of the state agency physician consultants' opinions, a discussion of Rayonda's hearing testimony, and his conclusions.

Rayonda first objects that the magistrate judge found that the ALJ did not consider her migraines and cervical radiculopathy to be severe impairments, when in fact, the ALJ did so. The R&R appears to contain a drafting error because in the first part of one paragraph it is correctly stated that "[t]he ALJ determined that Rayonda had the severe physical impairments of fibromyalgia, degenerative disc disease, and migraines." ECF No. 23 at 11. In the latter part of the paragraph, the magistrate judge stated, "Thus, the ALJ specifically considered Rayonda's migraines and radiculopathy, even though he determined they were not severe impairments."

5

Id. While it appears that the magistrate judge misstated the record, the misstatement is not material to the disposition of the issues and in any event, this court acknowledges that the ALJ found Rayonda's migraines and cervical radiculopathy to be severe impairments.

Rayonda next objects that the ALJ did not assess the effect her migraines had on her ability to work beyond affecting her balance and requiring her to use a cane. Rayonda testified that the migraines can last for several days and asserts that the ALJ did not discuss her claim that the headaches cause her to need to lie down or miss work. In finding that the ALJ correctly assessed the effect of Rayonda's headaches, the magistrate judge pointed out that the medical record contained no mention from any medical source that she would be unable to maintain a static work posture, would need to lie down regularly, or that she would be absent from work excessively. ECF No. 23 at 12.

Rayonda argues that the magistrate judge "ignore[d] the evidence documenting the severity and frequency of plaintiff's migraines." ECF No. 24 at 2. Rayonda points to one instance in the record where she presented to the emergency room in November 2015 complaining of a migraine headache that had lasted for eleven days. R. 822, 871. The ALJ acknowledged that medical record, as well as one other report of headaches. R. 51, 613. The ALJ concluded that despite her complaints, examination showed her to be well-oriented, under no distress, with normal hearing, cardiovascular findings, and coordination. R. 52, 823, 871, 875.

This court finds that neither the ALJ nor the magistrate judge ignored evidence regarding the severity and frequency of Rayonda's migraines. They both addressed the evidence she cites in support of her argument that the migraines are incapacitating.

Nevertheless, the magistrate judge found that in considering the record as a whole, substantial evidence supported the ALJ's finding with regard to Rayonda's physical RFC. The court agrees with this conclusion and accordingly **OVERRULES** Rayonda's objection to the contrary.

Rayonda also objects to the magistrate judge's finding that none of the state agency consultants limited her to less than light work. ECF No. 23 at 13. She is correct that the state agency consultants found that she was limited to light work with additional postural limitations. See R. 139-141, 149-152, 163-165, 174-176.

However, Rayonda failed to explain what effect the error had on the magistrate judge's conclusion regarding the ALJ's assessment of her RFC. The ALJ stated, correctly, that the state agency consultants found that Rayonda could engage in less than light work with no mental health limitations. R. 52. The ALJ then found that subsequent mental health evidence and Rayonda's testimony indicated that she did have severe mental health impairments of anxiety, depression, and post-traumatic stress disorder, and he limited her RFC accordingly. Even if the magistrate judge erred in finding that the state agency consultants did not conclude that she was limited to less than light work, the error had no effect on the ultimate conclusion that the ALJ correctly assessed her physical RFC. Accordingly, to the extent Rayonda objects to the RFC based on the magistrate judge's misreading of the state consultants' RFC findings, her objection is **OVERRULED**.

**B. Mental RFC Assessment**

With regard to the ALJ's assessment of Rayonda's mental RFC, the magistrate judge discussed the requirement that the ALJ include a narrative discussion of how the evidence supports his RFC, as set out in SSR 96-8P, 1996 WL 374184 (1996), and relevant case law.

ECF No. 23 at 14-15. See Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (finding that a necessary predicate to engaging in a substantial evidence review is a record of the basis for the ALJ's ruling, including a "'discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence'") (quoting Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013)). The magistrate judge set out the portion of the RFC where the ALJ discussed conflicting evidence regarding Rayonda's mental impairment and cited to specific exhibits and pages in the record. ECF No. 23 at 16; R. 52. The magistrate judge concluded that because the ALJ considered the medical opinions, evidence of mental impairment, and Rayonda's testimony, and because he explained the basis for his ruling, he satisfied the requirements of SSR 96-8P and Monroe.

Rayonda objects to the magistrate judge's conclusion, asserting that the ALJ provided no discussion of how her moderate limitations in adapting or managing herself are accommodated by limiting her to occasional changes in a routine work setting and frequent interaction with the public and coworkers. However, a review of the ALJ's determination shows that the ALJ satisfied the requirements of SSR 96-8P, Monroe, and Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015).

The court in Monroe set out the assessment of RFC as follows:

> The process for assessing RFC is set out in Social Security Ruling 96-8p. See [Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)]. Under that ruling, the "'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations." Id. (quoting SSR 96-8P, 61 Fed. Reg. at 34,475). Only after such a function-by-function analysis may an ALJ express RFC "'in terms of the exertional levels of work.'" Id. (quoting SSR 96-8P, 61 Fed. Reg. at 34,475). We have explained that expressing RFC before analyzing the claimant's limitations function by function creates the danger that "'the adjudicator [will] overlook limitations or restrictions that would narrow

8

the ranges and types of work an individual may be able to do.'" Id. at 636 (quoting SSR 96-8p, 61 Fed. Reg. at 34,476).

Monroe, 826 F.3d at 187-188. In addition, the ALJ's assessment must include a narrative discussion of how the evidence supports each conclusion, citing medical facts and nonmedical evidence, and "'must build an accurate and logical bridge from the evidence to his conclusion.'" Id. at 189 (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

The ALJ assessed Rayonda's mental functional limitations on a function-by-function basis and, relevant to Rayonda's argument, the ALJ found that she had moderate limitations in adapting or managing herself. R. 49. This limitation was based on the following:

> The claimant testified that she relied on others to help her, has crying spells, difficulties working with authority figures and difficulties explaining complicated things to people she was unfamiliar with. Treatment notes indicated she was properly groomed and dressed, but expressed concerns with stress levels, insight into her psychological conditions and her ability to trust counselors and others.

Id. (citing R. 678, 680, 693, 695, 1095, 1111). After finding Rayonda was limited in this respect, the ALJ then assessed her RFC, and stated the following:

> The claimant would be limited to only occasional changes in the work setting, based on evidence of poor handling of stress and limited insight into her psychological conditions. The claimant would also be limited to only frequent responses to the public and coworkers in work situations based on her testimony that she felt uncomfortable in explaining complicated things and was uncomfortable around people she did not know, but with the evidence otherwise showing normal memory and thought processes, as well as appearing pleasant and cooperative during examinations.

R. 53.

Rayonda argues that the ALJ was required to explain how limiting her to only occasional changes in a work setting and limiting her responses to the public and coworkers accommodates her moderate limitation in adapting or managing herself, citing Mascio, 780

9

F.3d at 636. However, Mascio does not go that far. The court there held that remand may be appropriate when an ALJ fails to assess a claimant's capacity to perform relevant functions, or where other inadequacies in the ALJ's analysis frustrate meaningful review. Id. Neither concern is present in this case. The ALJ assessed Rayonda's mental capacities on a function-by-function basis, found she had moderate difficulties in one area, and adjusted her RFC accordingly. Thus, he satisfied the requirements of Mascio and also built "an accurate and logical bridge from the evidence to his conclusion." Clifford, 227 F.3d at 872.

Rayonda also argues that the ALJ failed to pose a proper hypothetical question to the vocational expert because the question did not address her moderate limitations in adapting or managing herself. However, the hearing transcript shows that the ALJ included the limitations regarding only occasional changes in a routine work setting and a reduction in how often she would be expected to respond to coworkers and the public in a work setting. R. 127. Thus, he did include the limitations he recognized. Moreover, Rayonda's attorney had an opportunity to include in her hypothetical question to the vocational expert a question regarding any additional limitations she wanted the vocational expert to consider and declined to do so. R. 129. "[A]ny possible defects in an ALJ's hypothetical are cured when the plaintiff's attorney is given an opportunity to pose questions to the VE." Smith v. Astrue, No. 2:11-CV-025-MR-DCK, 2012 WL 3191296 (W.D.N.C. 2012) (citing Shively v. Heckler, 739 F.2d 987, 990-91 (4th Cir. 1984)).

Based on the foregoing, court finds that the magistrate judge properly assessed the ALJ's decision regarding Rayonda's mental RFC under SSR 96-8p, Mascio, and Monroe. Accordingly, Rayonda's objections to the assessment are **OVERRULED**.

### C. Assessment of Subjective Complaints

Rayonda objects that the magistrate judge erred in concluding that substantial evidence supported the ALJ's assessment of her subjective complaints. More specifically, she claims that the magistrate judge failed to address her allegation that the ALJ mischaracterized the evidence used to support his findings "as outlined in plaintiff's brief." ECF No. 24 at 6, referring to ECF No. 17.

The court finds that Rayonda is simply rehashing the arguments raised before the magistrate judge and thus is not complying with the requirement set forth in the Federal Rules of Civil Procedure to file specific objections. See Veney, 539 F. Supp. 2d at 846. Accordingly, her argument is treated as a failure to object. Nevertheless, a review of the magistrate judge's R&R shows that he discussed the conflicts in the evidence at length before finding that substantial evidence supported the ALJ's conclusions regarding Rayonda's subjective complaints of pain and other impairments. ECF No. 23 at 19-22. Accordingly, Rayonda's objection to the assessment of her subjective complaints in the R&R is **OVERRULED**.

### D. Post-hearing Evidence

The hearing in Rayonda's case was held on May 2, 2017 and the ALJ issued his decision on July 10, 2017. Rayonda appealed the denial to the Appeals Council and as part of her appeal, submitted additional medical records dated October 12, 2017 through December 4, 2017. The Appeals Council found that because the ALJ decided her case through July 10, 2017, the additional evidence did not relate to the period at issue, and advised Rayonda to file a new application if she wanted the new evidence to be considered. R. 2.

In her brief on summary judgment, Rayonda asked the magistrate judge to remand her case for consideration of the post-hearing evidence, which addressed a two-week hospitalization after a suicide attempt by her in October 2017 and also a diagnosis of cervical dystonia with headaches and neck pain. Rayonda argued that the evidence was new, material, and relevant to the issues that were before the ALJ when he rendered his decision. See Wilkins v. Sec'y Dep't Heath and Human Servs., 953 F.2d 93, 96 (1991) ("The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'") (quoting Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)).

The magistrate judge declined to remand her case based on the new evidence, finding that it did not relate back to the period on or before the ALJ's decision. In particular, the records relating to neck pain and headaches were from December 4, 2017 and discussed a "recent increase" in the severity of her headaches. The remainder of the records followed her suicide attempt three months after the ALJ rendered his decision, and a review of the records showed that Rayonda was subject to many stressors that arose after the ALJ issued his decision. ECF No. 23 at 22-23.

In her objections to the R&R, Rayonda argues that the new evidence relates back to her conditions prior to the time the ALJ issued his decision and that they indicate that her conditions were more severe that the impairments analyzed by the ALJ. ECF No. 24 at 7. These are the same arguments Rayonda raised to the magistrate judge on summary judgment and therefore she has not complied with the requirement to file specific objections.

Nevertheless, a review of the post-hearing evidence shows that it was not material, because it did not present the reasonable possibility of a different outcome. Rather, the evidence represented at most a temporary exacerbation of her symptoms. See Druckemiller v. Berryhill, No. 1:16-CV-1322, 2017 WL 3531526 at *6 (M.D. N.C. 2017) (citing Wilkins, 953 F.2d at 95) (new mental health treatment records not material when they showed only an exacerbation of symptoms during the holidays). Rayonda's post-hearing records show that a week after her discharge from the hospital, she told her health-care provider that she had not suffered from long-standing mental illness, but had been under a great deal of emotional stress because of family and financial issues. R. 15. In November 2017 she reported feeling better and sleeping better after starting medications for depression and anxiety. R. 27.

The court finds that Rayonda's objection to the magistrate judge's determination regarding the evidence submitted to the Appeals Council was an improper objection and also without merit. Accordingly, the objection is **OVERRULED**.

## CONCLUSION

For the reasons stated, the court finds no error in the magistrate judge's conclusion that the ALJ's decision is supported by substantial evidence. As such, the magistrate judge's report and recommendation will be adopted in its entirety.

An appropriate Order will be entered.

Entered: 07-18-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge

13